WitheRs J.
delivered the opinion of the Court.
This case arose upon an appeal from the decree of the Ordi *162 nary concerning the will of Moses Harris, and turns upon the question of the competency of two of the attesting witnesses to the paper propounded as such will, who were assailed as incompetent or incredible attesting witnesses. The first, (to wit, Henry C. Turner,) was alleged to be incompetent, because he had been convicted, in the Circuit Court of the United States sitting in Savannah, upon an indictment which, in one count, charged him, being a carrier of the mail, with having unlawfully and feloniously secreted, embezzled, or destroyed a letter containing money: and in another count, w:th having stolen, embezzled or destroyed a letter containing a bank bill, entrusted in the mail to his care; and upon such conviction he was sentenced to a term of imprisonment in the Penitentiary of Georgia This conviction took place in May, 1820. In July, 1823, James Monroe, President of the United States, issued an instrument under the seal of the United States, in which he directed, for causes therein stated, as follows: “that he, the said Henry C. Turner, be forthwith released from prison.” The confinement in the Penitentiary was the only punishment inflicted on this witness. Should this instrument be regarded as a pardon? This Court concur with the circuit Judge that it should be so considered. It is supposed to be the usual form of pardon by our own Executive: accomplishes all of benefit to the prisoner that is practicable, and seems to be entitled to any liberality of construction that may not contravene any well settled adjudication. A further inquiry is, if the instrument in question be not, technically, a pardon, does it nevertheless restore the competency of the party as a witness? We feel warranted in holding the affirmative; for when, by the exercise of the high pardoning power, the sentence is annulled, the punishment remitted, the offender restored to society, there does not seem to be any congruity in adhering to the legal stigma. We are the better satisfied with this result, since we find it laid down in Hoffman v. Coster, 2 Wharton, 453, (as cited in 3 Phillips on Evidence, 1504,) that competency is restored by the following description of pardon: “I do hereby remit unto him, the said J. B., the remainder of the said sentence, and order him to be liberated from further confinement, on payment, of costs.” And *163 in the case of The People v. Pease, 3 Johnson’s cases, 383, though the pardon of a person convicted of forgery, and sentenced to the State prison for life, contained the proviso that nothing contained in it should be construed “so as to relieve the prisoner of and from the legal disabilities to him from the conviction, sentence and imprisonment, other than the said imprisonment,” yet this proviso was held repugnant to the pardon, and the party held to be a compenent witness. This conclusion renders it unnecessary to enquire, whether the offence of which the witness in question was convicted, belongs to that class that destroy his competency, or whether the disqualification is to be referred to the conviction or the description of punishment. William A. Turner was alleged to be an incompetent witness, by reason of defective religious belief. We think he was competent, on the authority of the case of Fernandes, et al., v. Henderson; Car. Law Jour., 202.
Considering the great diversity of religious faith and practice prevailing among the people who inhabit our own and other American States, and the liberality towards such diversity which has been studiously incorporated into our fundamental law, we cannot feel less inclined than Lord Hardwick was, (who was of a government very intimately connected with a particular faith and practice) to modify the very stringent opinion of Lord Coke on this vital subject: and we are satisfied to adhere to our own well considered case, above cited. Lord Hardwick was content to admit a witness “who believed in a God and his "Providence,” and the modern decisions in New York appear to conform to this doctrine. The general and approved inclination of Courts of our own and other countries, to enlarge the circle of competency by directing objections to the credit, may as well be applied in this respect as in any other. For such reasons we hold the circuit decision right, in admitting the two witnesses in question as competent; and the motion is therefore dismissed.
C’Neall J., Evans J., WaRdlaw J., concurred.